IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: § | CASE NO. 19-20497 | |
| HIDALGO COUNTY EMERGENCY § | | |
| SERVICE FOUNDATION, § | | |
| Debtor. § | CHAPTER 11 | |

_____

| | | |
|---|---|---|
| § | | |
| HIDALGO COUNTY EMERGENCY § | | |
| SERVICE FOUNDATION, § | | |
|     Plaintiff § | ADVERSARY NO. 20-_____ | |
| v. § | | |
| JOVITA CARRANZA, IN HER § | | |
| CAPACITY AS ADMINISTRATOR FOR § | | |
| THE U.S. SMALL BUSINESS § | | |
| ADMINISTRATION, § | | |
|     Defendant. § | | |

## TEMPORARY RESTRAINING ORDER

Upon consideration of the Plaintiff's Emergency Application For Temporary Restraining Order And Preliminary Injunction (the "**Application**"), and the request in the Application for issuance of an ex parte temporary restraining order, and certain facts set forth in the Application being sworn to as true and within the personal knowledge of Plaintiff's Chief Restructuring Officer Omar Romero, this Court finds and concludes that the Plaintiff would suffer immediate and irreparable harm without issuance of a temporary restraining order. The Plaintiff would suffer such imminent and irreparable injury, loss, or damage before the adverse party or that party's attorneys could be heard in opposition. The Court also finds as follows, based in part on the sworn statements of Omar Romero:

    1.    Debtor and its creditors are being directly harmed by the SBA's actions that have no basis in law and exceed its authority. Issuance of a temporary restraining order pursuant to Bankruptcy Rule 7065 (incorporating Rule 65, FRCP) is warranted.

    2.    Movant has a substantial likelihood of success on the merits. Neither the CARES

Act, the PPP, nor section 7(a) of the Small Business Act prohibits lending money under the PPP program to a debtor under chapter 11 of the Bankruptcy Code. SBA exceeded its authority by issuing and requiring participating lenders to use a loan application form that says it cannot make PPP loans to debtors. The SBA's own interim final rule says nothing about a bankruptcy exclusion on PPP loans. Hidalgo County EMS otherwise meets all other requirements for receipt of a PPP loan. The only reason Hidalgo County EMS answered "yes" to Question #1 of the SBA loan application form is the pending bankruptcy. The bankruptcy exclusion engrafted by SBA onto the PPP loan program is blatant discrimination on account of being in bankruptcy, prohibited under 11 U.S.C. §525(a).

3. Movant will suffer irreparable injury if this temporary restraining order is not granted. If this Court does not issue this temporary restraining order Debtor has clearly shown a likelihood of substantial harm and irreparable injury. Hidalgo County EMS is the primary 911 patient transfer provider for a large part of its service area in South Texas that includes some of the poorest areas in the country. It has approximately 250 highly-trained employees who may lose their jobs unless Debtor is permitted to apply for PPP loan. Hidalgo EMS is currently working to reorganize in Chapter 11 while maintaining 100% of its usual staffing levels in the midst of the Corona Virus pandemic and a significant decline in call volume which causes a revenue decline that has occurred despite the Debtor's extensive and ongoing involvement as a "front line" health care provider for victims of COVID-19 in South Texas. Debtor's business, along with nearly every other business in the United States, has become the economic victim of novel coronavirus SARS-CoV-2, which lead to the shutdown or severe curtailment of normal life in the United States. Debtor's call volume has declined approximately 30% since the onset of this crisis, and its revenues are likewise significantly impacted, but it continues to maintain pre-

Corona employment levels in order to serve the community during this pandemic. Hidalgo EMS needs the PPP loan to shore up its finances and allow it to continue to support the community as a front-line medical services provider during the crisis. Without this source of liquidity the Debtor's survival as a going concern is in question. If approved, Debtor will use the funds to pay its rent, utility, insurance, and full-time employees' payroll costs, all permissible uses under the CARES Act. Hidalgo County EMS meets all other requirements for receipt of a PPP loan. The PPP was initially funded with $350 billion, but due to overwhelming demand that amount was quickly expended, and legislation is pending to authorize funding of at least an additional $320 billion. Whether that amount will be expended as quickly is unknown. Debtor unsuccessfully sought help directly from SBA but its direct inquiries to the SBA have not been answered. Debtor's elected officials tried to help, but that resulted only in a relayed message from SBA that "treasury guidance" prevents the issuance of PPP loans to debtors in bankruptcy. No other explanation was provided and the specifies of the so-called "treasury guidance" were not explained. Debtor was also informed that there is no appeals process.

4. The risk of harm to Movant outweighs the harm to SBA if a TRO is granted. In this case the risk of harm to Movant is extreme and the risk of harm to SBA if the Court issues a temporary restraining order as requested is nonexistent. Congress created the PPP loan program specifically to help businesses struggling with survival due to the COVID-19 pandemic survive. Debtor's survival is at risk.

5. Issuance of this temporary restraining order is in the public interest. The continued gainful employment of the Debtor's approximately 250 employees benefits the public interest as a whole. The Debtor's business as a "front line" health care provider for victims of COVID-19 in South Texas is vitally important even in normal times. It is vastly more important

now as maintaining a fully-staffed emergency response capability serves the entire South Texas region and all its citizens.  The public interest is clearly served by Debtor being able to maintain 100% of its usual staffing levels in the midst of the Corona Virus pandemic and an approximately 30% decline in its call volume since the onset of this crisis.

      6.      Due to the nature of this request, no bond is required.  *See, e.g. Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618 (5th Cir 1985); 7, Moore's Federal Practice ¶ 65.04[1] at 65-38.

Based on the findings and conclusions set forth above, it is hereby ORDERED, AJDUDGED AND DECREED as follows:

      1.      The Plaintiffs' request for a temporary restraining order, as requested in the Petition, is hereby GRANTED.

      2.      A temporary restraining order is hereby issued, without notice, and directed to Jovita Carranza in her capacity as Administrator for the United States Small Business Administration, and all agents, servants, employees, and any parties acting in concert with any of the foregoing parties (collectively "**Restrained Parties**").

      3.      Until a hearing can be had on Plaintiffs' request for a temporary injunction, all the Restrained Parties are hereby ENJOINED and RESTRAINED from directly or indirectly in any manner—

    a. making or continuing to make the approval of any PPP loan expressly contingent on the borrower not being "presently involved in any bankruptcy";

    b. Promulgating or utilizing any PPP loan application form that contains any reference to a PPP loan applicant's status as being involved in any bankruptcy;

    c. Instituting or enforcing any PPP loan policies or procedures that restrict or limit PPP loans on account of an applicant's status as being involved in any bankruptcy;

    d. Promulgating, utilizing, or requiring the use of any PPP loan agreements that contain any reference to a PPP loan applicant's status as being involved in any bankruptcy;

    e. Failing to immediately instruct all lending institutions administering PPP loans that there is no exclusion from the PPP loan program on account of an applicant's involvement in bankruptcy.

IT IS FURTHER ORDERED that the Defendant shall appear in this Court for hearing on Plaintiff's Application for a Preliminary Injunction at _____ o'clock a.m./p.m., on the _____ day of _____, 2020. The purpose of the hearing shall be to determine whether this Temporary Restraining Order should be made a Preliminary Injunction.

    This temporary restraining order shall remain in full force and effect until it expires on the date of the hearing on the Plaintiff's Application for a Preliminary Injunction unless further extended as provided by law or agreement of the parties.

SIGNED this the _____ day of April, 2020, at _____ a.m./p.m.

 

                                                                       _____
                                                                       JUDGE PRESIDING