

ENTERED
09/23/2020

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 19-20497 |
| Hidalgo County Emergency Service Foundation, | § § | |
| | § | Chapter 11 |
| Debtor. | § § | |

### ORDER
### (Doc. No. 283)

The Court has considered the Emergency Motion by the United States for Either (a) Summary Judgment Granting Its Motion to Appoint a Trustee, or (b) an Order Compelling Responses to Discovery and Relief *In Limine* on Certain Evidentiary Issues (the "Motion").

The Court has also considered (a) the written discovery propounded by the United States and attached to the Motion as Exhibit O (the "Discovery Requests"), and (b) the Debtor's responses to the Discovery Requests attached to the Motion as Exhibit A and the objections stated therein (the "Responses"). The Court finds that the Debtor has not responded to the Discovery Requests in the manner required by the Federal Rules and controlling case authority. The Court further finds that the objections stated in the Responses are without merit and overruled.

Finally, the Court has considered the documents attached to the Motion as Exhibits D, E, and F together with (a) the Debtor's Responses, (b) the Debtor's response to the United States' subpoena under Fed. R. Bankr. P. 2004, attached to the Motion as Exhibit C, and (c) the declarations from Legacy Bank attached to the Motion as Exhibits K, L, and M.

Based on the foregoing, it is

**ORDERED THAT:**

1. The Debtor's objections stated in the Responses are overruled in their entirety as lacking merit. Any objections to the Discovery Requests not stated in the Responses are overruled as untimely.

2. Within seven days of the entry of this Order, the Debtor shall respond to the Discovery Requests in a manner that complies with the Federal Rules and controlling case authority. The Debtor must:

   a. Respond to the interrogatories from the Discovery Requests listed below fully and in writing under oath. Fed. R. Civ. P. 33(b)(3). The Debtor's responses to these interrogatories must be "a candid statement of the information sought . . . ." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977).
      i. Interrogatory No. 1;
      ii. Interrogatory No. 3;
      iii. Interrogatory No. 4;
      iv. Interrogatory No. 5;
      v. Interrogatory No. 6;
      vi. Interrogatory No. 7;
      vii. Interrogatory No. 10;
      viii. Interrogatory No. 11; and
      ix. Interrogatory No. 13.

   b. Either admit or deny the requests for admission from the Discovery Requests identified below, with any denial "fairly respond[ing] to the substance" of the request. Fed. R. Civ. P. 36(a)(3).
      i. Request for Admission No. 3;
      ii. Request for Admission No. 5;
      iii. Request for Admission No. 10;
      iv. Request for Admission No. 13; and
      v. Request for Admission No. 14.

3. The words "signature" and "signed" as used in the Discovery Requests include electronic signatures. 15 U.S.C. § 7001, *et seq*.

4. To the extent any of the Debtor's responses made pursuant to this Order are "evasive or incomplete," the Court will treat them as "a failure to disclose, answer, or respond" in compliance with this Order. *See* Fed. R. Civ. P. 37(a)(4).

5. Due to the ongoing pandemic, the Debtor shall deliver responses to counsel for the United States by electronic mail to Richard.Kincheloe@usdoj.gov.

6. Any objections by the Debtor to the authenticity of the documents attached to the Motion as Exhibits D, E, and F are overruled.

**Signed: September 23, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**